IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Santos Antonio Guardado-Quevara,<br>Petitioner,<br>v.<br>Loretta E. Lynch, et al.,<br>Respondents. | No. CV 16-00800-PHX-PGR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR UNITED STATES DISTRICT JUDGE:**

Petitioner Santos Antonio Guardado-Quevara has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner has been detained at the Department of Immigration and Customs Enforcement ("ICE") detention center in Florence, Arizona since August 18, 2015. (Doc. 13-1, Ex. V, at 102.) Petitioner argues he is entitled to a bond hearing because he has been in custody for more than six months. Respondents object to the request. This Court joins several other courts in this circuit finding that Petitioner is entitled to a bond hearing under Ninth Circuit authority.

**I.  Procedural history**

    **a.  Removal Orders**

Petitioner is a native and citizen of El Salvador. He entered the United States near Armstrong, Texas on August 23, 2004, but did not apply for admission or parole. (Doc. 1-2 at 2.) After his arrest, he was ordered removed from the United States on October 12,

2004. (Doc. 1-3 at 2.)

Petitioner was arrested in Raleigh, North Carolina, and on October 27, 2008, was again ordered removed. (Doc. 13-1, Ex. E, at 20.) On January 13, 2009, Petitioner was removed from the United States to El Salvador. (Doc. 13-1, Ex. F, at 24.)

On July 19, 2015, Petitioner re-entered the United States without permission. (Doc. 13-1, Ex. G, at 29.) On July 20, 2015, Petitioner was found and arrested near Arivaca, Arizona. (*Id.*) On July 20, 2015, ICE issued to Petitioner a "Notice of Intent/Decision to Reinstate Prior Order" and reinstated Petitioner's 2009 removal order. (Doc. 13-1, Ex. G, at 31.)[1]

### b. Fear Interview

On August 19, 2015, Petitioner expressed fear of persecution and/or torture if he is returned to El Salvador and requested a reasonable fear interview. (Doc. 13-1, Ex. K, at 45-46.) On September 15, 2015, an asylum officer found that Petitioner had, in fact, stated a reasonable fear of persecution or torture, and referred him to an Immigration Judge ("IJ") to determine whether Petitioner could establish eligibility for withholding of removal. (Doc. 13-1, Ex. M, at 56-57.) On December 2, 2015, the IJ set a hearing for March 14, 2016, regarding Petitioner's application for Withholding of Removal. (Doc. 13-1, Ex. O, at 63.)

### c. Bond Hearing

On February 12, 2016, Petitioner requested a bond hearing before an IJ. (Doc. 13-1, Ex. P, at 65-81.) On March 1, 2016, an IJ in Florence, Arizona, issued a decision and order denying a bond hearing for lack of jurisdiction or mandate. (Doc. 13-1, Ex. S, at 93-95.) On March 11, 2016, Petitioner appealed the IJ's decision denying the request for a bond hearing with the Board of Immigration Appeals. (Doc. 13-1, Ex. T, at 97.) On March 14, 2015, the IJ conducted an individual merits hearing on Petitioner's application

---

[1] On July 21, 2015, Petitioner pleaded guilty to the Class B misdemeanor offense of Alien Eluding Examination and Inspection by Immigration Officers of the United States, in violation of Title 8, United States Code, Section 1325, and was sentenced to 30 days imprisonment with the United States Bureau of Prisons. (Doc. 13-1, Ex. J, at 43.)

for Withholding of Removal and protection under the Convention Against Torture, and scheduled a continued hearing for May 17 and May 18, 2016. (Doc. 13-1, Ex. U, at 99.) The hearing was subsequently rescheduled to August 24, 2016. (Doc. 14-3 at 1.)

### d. Petitioner's Habeas Petition

On March 23, 2016, Petitioner filed his Petition in this matter, requesting the Court issue a Writ of Habeas Corpus granting Petitioner a hearing to determine whether he may be released from ICE custody. (Doc. 1.) On May 6, 2016, Respondents filed a Response to the Petition. (Doc. 13.) Petitioner filed a Reply on May 17, 2016. (Doc. 14.) On June 10, 2016, this Court held oral argument on the Petition. (Doc. 16.)

## II. Discussion

### a. Introduction

There are two questions before the Court. First, whether an alien who is subject to a reinstated removal order and who has expressed a fear of persecution and instituted withholding of removal proceedings is detained under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a). Second, whether Petitioner is entitled to a bond hearing at six months of detention regardless of the statute authorizing his detention.

The Court may grant a writ of habeas corpus to a detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As Petitioner is currently detained within this Court's jurisdiction and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998).

### b. Petitioner is detained under the post-removal statute (8 U.S.C. § 1231(a)).

The first question at issue in this matter is the current statutory basis for Petitioner's detention. Petitioner's detention arises out of either 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231(a). While § 1226(c) controls the detention of certain criminal aliens during the pendency of their removal hearings, § 1231(a) controls the detention of removable aliens "during" and "beyond" "the [statutory] removal period." The first issue in this Petition is whether an alien who is subject to a reinstated removal order and who has

expressed a fear of persecution and instituted withholding of removal proceedings is detained under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a). The governing statute is important because "[w]here an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto–Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

### i. Reinstated Removal Order

The parties agree that Petitioner is currently subject to a reinstated removal order. If a removal order is reinstated, it is "reinstated from its original date and is not subject to being reopened or reviewed. . . ." 8 U.S.C. § 1231(a)(5). Additionally, "the alien is not eligible and may not apply for any relief under this chapter, and . . . shall be removed under the prior order at any time after the reentry." *Id*.

Although Petitioner's reinstated removal order is not subject to review, Petitioner may seek "an exception by which an alien who expresses 'a fear of returning to the country designated' in his reinstated removal order is 'immediately' referred to an asylum officer who must determine if the alien has a reasonable fear of persecution or torture in accordance with 8 C.F.R. 208.31." *Ortiz–Alfaro v. Holder*, 694 F.3d 955, 956 (9th Cir. 2012) (citing 8 C.F.R. § 241.8(e)). If an asylum officer decides that an alien has a reasonable fear of persecution or torture, the case is referred to an IJ "for full consideration of the request for withholding of removal only." 8 C.F.R. § 208.31(e). Here, Petitioner has requested withholding from removal to El Salvador. (Doc. 13-1, Ex. K, at 45-46.) Petitioner's withholding proceedings are ongoing.

During withholding proceedings, the IJ may determine only if Petitioner should be granted withholding or deferral of removal. 8 C.F.R. § 1208.2(c)(3)(i). "During such proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." *Id*. But "[n]othing in this section or § 1208.17 shall prevent the Service from removing an alien to a third country other than the country

to which removal has been withheld or deferred." 8 C.F.R. § 1208.16(f). Either party may appeal, to the BIA, an Immigration Judge's decision to grant or to deny withholding. 8 C.F.R. § 208.31(g)(2)(ii).

### ii. Arguments Regarding the Applicability of 8 U.S.C. § 1226(c) and 8 U.S.C. § 1231(a)

Petitioner asserts that he "cannot be removed to El Salvador because his application for withholding of removal is pending, and his removal order will not be final unless and until the Immigration Judge adjudicates the claim by denying the application (or the Board takes final action on appeal)." (Doc. 1 at 9.)  Petitioner thus argues that his removal order is not final and he is detained under 8 U.S.C. § 1226(a) (the pre-removal statute). The pre-removal statute provides for discretionary detention "pending a decision on whether the alien is to be removed from the United States," and authorizes ICE to release aliens on bond or conditional parole. 8 U.S.C. § 1226(a). Essentially, Petitioner argues he is entitled to a bond hearing under 8 U.S.C. § 1226(a).

Respondents assert that "a final administrative decision on whether Mr. Guardado is removable has already been made" and, thus, his removal is administratively final. Respondents argue that Petitioner's removal is certain, and the only remaining question is whether he can be removed to El Salvador. Because his removal order is final, Respondents assert the post-removal detention statute (8 U.S.C. § 1231(a)) applies. (Doc. 13 at 9.) Respondents thus object to a bond hearing under 8 U.S.C. § 1226(a).

### iii. Petitioner is detained under 8 U.S.C. § 1231(a).

Section 1231(a) governs "detention, release, and removal of aliens ordered removed." 8 U.S.C. § 1231(a). It is undisputed that Petitioner has been ordered removed pursuant to the reinstated removal order. "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The "removal period" relevant here is 90 days from the "the date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).  After the removal period, DHS has the discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. §

1231(a)(6).[2] The question before the Court is whether the order of removal is "administratively final." If the order of removal is administratively final, then Petitioner is neither detained pursuant to nor is entitled to a bond hearing under 8 U.S.C. § 1226(a). The Ninth Circuit has not addressed the precise issue and the district courts are split.

Petitioner's reinstated removal order is administratively final. First, 8 U.S.C. § 1231(a)(5) expressly states that reinstated removal orders are "not subject to being reopened or reviewed, . . . ." 8 U.S.C. § 1231(a)(5). Petitioner will remain subject to a removal order and requests only that he not be removed to El Salvador. During the pendency of withholding, there is no compelling legal reason, for purposes of detention, to treat Petitioner as an alien who is "pending a decision on whether [he] is to be removed from the United States," 8 U.S.C. § 1226(a), as opposed to an alien who "is ordered removed." 8 U.S.C. § 1231(a)(1)(A).

Second, Petitioner's removal order was final upon reinstatement. If he had not requested withholding, then he would not have been entitled to a § 1226 hearing. It makes little sense that Petitioner would be entitled to a § 1226 bond hearing only because he applied for withholding proceedings. "If Petitioner had a final order of removal (and was subject to detention under Section 1231) prior to expressing a fear of torture, and he will have a final order of removal (and will be subject to detention under Section 1231) after his withholding proceedings are completed (no matter what the outcome is), I cannot see how his detention status should change as a matter of law during his withholding proceedings. Such a transitory appearance of new rights vis-a-vis an alien's ability to obtain bond makes no legal sense." *Reyes v. Lynch*, No. 15-CV-00442-MEH, 2015 WL 5081597, at *4 (D. Colo. Aug. 28, 2015).

---

[2] 8 U.S.C. § 1231(a)(6): "An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."

Petitioner relies on *Ortiz–Alfaro v. Holder*, 694 F.3d 955 (9th Cir. 2012), to support his argument that his reinstated removal order is not administratively final. In *Ortiz-Alfaro*, the petitioner was also subject to a reinstated removal order and requested withholding proceedings. An asylum officer determined that Ortiz-Alfaro had not established a reasonable fear of persecution or torture. Ortiz-Alfaro appealed directly to the Ninth Circuit and argued the reinstatement regulations were unlawful. The Ninth Circuit held that the reinstated removal order was not final for purposes of judicial review regarding his withholding proceedings. The Ninth Circuit was concerned that "depriving Ortiz the opportunity for judicial review of a determination that he lacks a reasonable fear of persecution could raise serious constitutional concerns." (*Id.*) Thus, the Court in *Ortiz-Alfaro* held:

> In order to *preserve judicial review* over petitions challenging administrative determinations made pursuant to 8 C.F.R. § 208.31(e) or (g), we hold that where an alien pursues reasonable fear and withholding of removal proceedings following the reinstatement of a prior removal order, the reinstated removal order does not become final until the reasonable fear of persecution and withholding of removal proceedings are complete.

*Id*. (emphasis added). *Ortiz-Alfaro* answered the question of whether the petitioner was entitled to judicial review of his withholding decision. *Ortiz-Alfaro* did not discuss the issue of detention, or compare § 1231(a) with § 1226(a). This Court therefore joins other courts in this circuit ruling that *Ortiz-Alfaro* is not controlling as to the discrete issue presented here and finding Petitioner detained under § 1231(a).[3]

### c. Petitioner is entitled to a bond hearing under *Diouf II*.

Petitioner states that even if he "is detained under the provisions of 8 U.S.C. § 1231, he is nevertheless entitled to a bond hearing before an immigration judge." (Doc. 1 at 12.) Petitioner argues that *Diouf v. Napolitano* ("*Diouf II*"), 634 F.3d 1081 (9th Cir. 2011) requires a bond hearing before an IJ when an alien's detention becomes prolonged.

---

[3] *See Padilla-Ramirez v. Bible*, No. 1:16-CV-00127-BLW, 2016 WL 1555679, at *3 (D. Idaho Apr. 15, 2016) (collecting cases).

- 7 -

(Doc. 1 at 14.) Respondents argue "nothing in § 1231(a)(6) itself or the applicable regulations entitles Mr. Guardado to a bond hearing." (Doc. 13 at 12.) Respondents further argue that "*Diouf II* did not address and does not apply to aliens subject to reinstated orders of removal and in withholding-only proceedings." (*Id.*)

Based upon the clear language of *Diouf II*, Petitioner is entitled to a bond hearing. In *Diouf II*, the Ninth Circuit addressed the due process requirements for prolonged detention[4] under § 1226(a) and § 1231(a)(6). The Ninth Circuit concluded that because prolonged detention of an alien without an individualized determination of flight risk and danger would "raise serious constitutional concerns," aliens were entitled to a bond hearing after six months. *Diouf II*, 634 F.3d at 1092. "We hold that an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *Diouf II*, 634 F.3d at 1092. Respondents agree "Mr. Guardado is detained under 8 U.S.C. § 1231(a)(6), not § 1226(a)." (Doc. 13 at 12.) This Court follows several other courts in the circuit finding that *Diouf II* compels a bond hearing for aliens in withholding proceedings who faced prolonged detention. *See Gonzalez v. Asher*, No. C15-1778-MJP-BAT, 2016 WL 871073, at *3 (W.D. Wash. Feb. 16, 2016), report and recommendation adopted, No. C15-1778-MJP, 2016 WL 865351 (W.D. Wash. Mar. 7, 2016) (finding that petitioner "is entitled to a bond hearing under either § 1226(a) or § 1231(a)" under *Diouf II* because he "has been detained by ICE for more than six months and his detention is likely to continue until his withholding-only proceedings are concluded").[5]

---

[4] Prolonged detention is detention that "has lasted six months and is expected to continue more than minimally beyond six months." *Diouf II*, 634 F.3d at 1092 n.13.

[5] *See also Acevedo-Rojas v. Clark*, No. C14-1323-JLR, 2014 WL 6908540, at *6 (W.D. Wash. Dec. 8, 2014) (finding petitioner with reinstated removal order and in withholding proceedings was subject to § 1231(a) detention but entitled to bond hearing at six months as required by *Diouf II*); *Giron-Castro v. Asher*, No. C14-0867JLR, 2014 WL 8397147, at *3 (W.D. Wash. Oct. 2, 2014) (same); *Alvarado v. Clark*, No. C14-1322-JCC, 2014 WL 6901766, at *2 (W.D. Wash. Dec. 5, 2014) (finding petitioner with reinstated removal order and in withholding proceedings was entitled to a bond hearing at six months as required by *Diouf II*).

Respondents assert that "*Diouf II* did not address and does not apply to aliens subject to reinstated orders of removal and in withholding-only proceedings." (Doc. 13 at 12.) But the Ninth Circuit expressly extended the right to hearing for all aliens detained under § 1231(a)(6). "Section 1231(a)(6) encompasses aliens such as Diouf, whose collateral challenge to his removal order (a motion to reopen) is pending in the court of appeals, *as well as* to aliens who have exhausted all direct and collateral review of their removal orders but who, for one reason or another, have not yet been removed from the United States." *Diouf II*, 634 F.3d at 1085 (emphasis added). Respondents' arguments that attempt to distinguish Petitioner from petitioner Diouf fail in light of the clear language of *Diouf II*. As Respondents acknowledge, Petitioner's reinstated removal order is final and not subject to further appeal. Petitioner is therefore entitled to a bond hearing because he is entitled to no further "direct or collateral review" of his removal order.

Respondents assert that "nothing in § 1231(a)(6) itself or the applicable regulations entitles Mr. Guardado to a bond hearing." (Doc. 13 at 12.) The Ninth Circuit addressed this point as well. "We recognize that § 1226(a) expressly authorizes release on bond, *see* 8 U.S.C. § 1226(a)(2), whereas § 1231(a)(6) does not. But we have no doubt that bond is also authorized under § 1231(a)(6)...." *Diouf II*, 634 F.3d at 1089.[6]

Respondents also argue that "an extension of *Diouf II* to aliens subject to reinstatement would" conflict with the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 671 (2001). (Doc. 13 at 15.) In *Zadvydas*, the Supreme Court determined that the government, regarding detention under § 1231(a)(6), is entitled to a presumptively reasonable period of detention of six months to bring about an alien's removal from the United States. *Id*. at 701. After this six-month period, an alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*. There is no conflict because the Ninth Circuit Court's

---

[6] *Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015) (affirming bond hearings after six months for aliens held under §§ 1225 and 1226) does not invalidate *Diouf II*. The *Rodriguez* panel lacked the authority to overrule *Diouf II* and found only that "individuals detained under § 1231(a) are not members of the certified class" before the *Rodriguez* Court. *Id.* at 1074.

holding in *Diouf II* entitles a petitioner to a bond hearing, in addition to a separate determination under *Zadvydas*. *See Olivera-Julio v. Asher*, No. C14-1312-RSM, 2014 WL 6387351, at *2 (W.D. Wash. Nov. 14, 2014) ("After this six-month period, an alien is entitled to a bond hearing if removal is not imminent, *Diouf v. Napolitano*, 634 F.3d 1081, 1091–92, 1092 n. 13 (9th Cir. 2011), or conditional release if the alien can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future,' *Zadvydas*, 533 U.S. at 701.").

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus requesting a bond hearing pursuant to *Diouf II* be **GRANTED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to

///
///
///

appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 27th day of June, 2016.

_____
Honorable John Z. Boyle
United States Magistrate Judge